CHARLOTTE WAIT AND OTHERS, APPELLANTS, v. LOUISA BREEZE AND OTHERS, RESPONDENTS.

*Undue influence — what must be shown to avoid a will.*

APPEAL from a judgment, entered on the verdict of a jury upon an issue ordered by the General Term, pursuant to the Revised Statutes, upon a reversal of the decree of the surrogate of Kings county, rejecting for probate certain writings offered will and testament of Sarah Parker, deceased, and order made at Special Term denying a motion made upon a case and exceptions. A motion

also made at the General Term in the first instance upon the case as settled. Probate of the will was denied, on the ground that its execution was procured through undue influence.

With reference to this question, the court at General Term said:

"The proof upon the subject of undue influence equally falls short of establishing any such case of force or coercion as to amount to undue influence within the well established rules of law.

The law requires that the influence must be such as to deprive the testatrix of the free exercise of her will.

To invalidate a will, made by a person of testamentary capacity, it must be proved that such force, threats, or coercion were used as to dominate the will of the testator and substitute the will of another in its stead.

It must be such importunity or coercion as, under the circumstances, could not be resisted, and thus destroyed free agency.

The exercise of the influence springing from family relations, or from motives of duty, affection or gratitude, cannot be regarded as undue, even though pressed to an inordinate extent.。

"The right of a testatrix to dispose of her property is absolute, and cannot be controlled by any evidence that falls short of establishing a defect of testamentary capacity, or actual fraud or coercion. (*Clapp* v. *Fullerton*, 34 N. Y., 197; *Brick* v. *Brick*, 66 id., 144; *Tyler* v. *Gardiner*, 35 id., 559.)

The reason of the rule is that anything short of the actual substitution of the will of another, for that of the testatrix, would lead to inextricable confusion and uncertainty, as it would necessarily involve an inquiring into the reasons and motives operating upon the mind of the testatrix in making the will, and the submitting to a court or jury the sufficiency and propriety thereof. Such a course would render the power of testamentary disposition of little value.

I cannot find any evidence in this case bringing it within the rule respecting undue influence before stated.

The most that can be claimed upon the part of the contestants _____ments and solicitations were used, upon the part of the _____der the will, in procuring the will to be made. _____cient to warrant a finding of undue influence. _____his is the proof that the circumstances, under

which the will was executed, and the whole history of the transaction satisfactorily show that the will was dictated by and expresses the mind of the testator."

*Winchester Britton*, for the appellants. *C. W. Pleasants*, for the respondents.

Opinion by GILBERT, J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order of Special Term denying motion for new trial reversed, and motion for new trial at General Term, in the first instance, granted, and new trial ordered at next circuit in Kings county.